JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XINYUN LIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALEJANDRO MAYORKAS,<br><br>　　　　Defendant. | Case No. 2:23-cv-06834-SB-SSC<br><br>ORDER OF DISMISSAL WITHOUT PREJUDICE |

　　　　Plaintiff Xinyun Lin filed an asylum application in 2016.  After waiting more than six years without receiving a decision, she filed this mandamus action seeking to compel Defendant to adjudicate her application.  Dkt. No. 1.  On September 27, 2023, the parties filed a joint stipulation to stay the case until January 2, 2025, based on the parties' agreement that USCIS will interview Plaintiff on August 23, 2024.  Dkt. No. 11.

　　　　The parties request this stay in the interest of judicial economy, noting that Plaintiff will voluntarily dismiss this case upon receipt of the asylum decision.  In the Court's experience with numerous similar requests in recent mandamus actions challenging similar delays, the setting of an agreed interview date generally leads to the resolution of the parties' dispute without the need for further intervention by the Court.  However, staying cases requires the continued commitment of judicial resources to monitoring the cases and ensuring compliance with requirements to file status reports.  It also increases the burden on the parties to file status reports or seek dismissal of the stayed case upon resolution of the matter.

　　　　It appears that the more efficient approach is to dismiss this action without prejudice to either party moving to reopen nunc pro tunc in the event that further Court intervention becomes necessary.  The Court perceives no practical difference between this approach and the relief stipulated by the parties, apart from eliminating the need for future monitoring or action if the parties honor their

agreement, as the Court expects them to. To further conserve judicial and party resources, the Court intends to adopt this approach unless any party objects.

Accordingly, it is ORDERED that this action is DISMISSED without prejudice to any party seeking to vacate this order and reopen the action nunc pro tunc in the event that Plaintiff is unable to receive a determination in the time contemplated by the parties.

Any party who objects to the dismissal of this action as ordered herein shall file a request to reopen the case no later than seven days after entry of this order. Failure to timely file a request to reopen the case will be deemed consent to dismissal as ordered.

IT IS SO ORDERED.

Date: September 27, 2023

Stanley Blumenfeld, Jr.
United States District Judge